947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Kenneth Edwin DERRYBERRY, Defendant-Appellant, Cross-Appellee.
 Nos. 90-6563, 91-5005.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1991.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and ROSEN, District Judge.*
 PER CURIAM.
 
 
 1
 This is a sentencing guidelines case arising out of a conviction for bank fraud. The main issue is whether, as the government contends, the loss used in calculating the base offense level should be measured by the line of credit that the defendant fraudulently made available to himself, or whether, as the district court decided, the base offense level should be determined on the basis of the amount actually disbursed under the line of credit. We find no error in the district court's decision to use the latter amount, and we shall therefore affirm the sentence.
 
 
 2
 * The defendant, Kenneth Edwin Derryberry, was vice president for indirect loans at Leader Federal Savings and Loan Association, an institution that became Leader Federal Bank for Savings in 1989. From 1986 to 1990 defendant Derryberry fraudulently obtained credit from Leader Federal by using his parents' names, the name of a bank customer, and a fictitious name. It is undisputed that the total line of credit available to him as a result of the fraud was $202,750. It is also undisputed that the total amount of money he drew down before he was caught was $167,140. If he had not been caught, the district court found that he would eventually have drawn down the full $202,750.
 
 
 3
 Mr. Derryberry pleaded guilty to three counts of bank fraud in violation of 18 U.S.C. § 1344 and one count of misapplication of savings and loan funds in violation of 18 U.S.C. § 657. In determining the base offense level under the sentencing guidelines, the district court put the loss from the fraud at $167,140. The court added two points for an offense that required more than minimum planning and another two points for abusing a position of trust or use of a special skill. The court then subtracted two points for acceptance of responsibility. The adjusted offense level came to 15, which resulted in a sentencing range of 18 to 24 months. Mr. Derryberry was sentenced to imprisonment for eighteen months on each count, to be served concurrently.
 
 
 4
 On appeal, Mr. Derryberry argues that the district court should not have added two points for abusing a position of trust because that was already taken into account in the underlying crime of fraud. The government argues on cross-appeal that the district court should have treated the loss as being the $202,750 that Mr. Derryberry made available to himself through his fraud, which amount would have been disbursed eventually if the crime had not been detected. Use of the higher figure would have resulted in an adjusted offense level of 16, yielding a sentencing range of 21 to 27 months.
 
 
 5
 Finding neither argument persuasive, we shall affirm the decision of the district court.
 
 II
 
 6
 Facts found by the district court during the sentencing process are reviewed under the "clearly erroneous" standard, but the district court's application of the guidelines is reviewable de novo. The question whether the amount of a loss should be determined on the basis of the amount of credit fraudulently made available or the amount of funds fraudulently disbursed is a question of law and is subject to de novo review. United States v. Burns, 894 F.2d 334, 335 (9th Cir.1990).
 
 
 7
 Application Note 7 in the Commentary to U.S.S.G. § 2F1.1 refers to § 2B1.1 for valuation of loss, adding that where "a probable or intended loss that the defendant was attempting to inflict can be determined, that figure would be used if it was larger than the actual loss." The government argues that in light of the finding that if Mr. Derryberry had not been caught he would have taken the full $202,750 available under the fraudulently obtained lines of credit, the district court should have found the "probable or intended loss" to be $202,750.
 
 
 8
 In cases of partially completed conduct, however, Application Note 2 of U.S.S.G. § 2B1.1 refers to § 2X1.1, which deals with "Attempt ... (Not covered by a Specific Offense Guideline)." Application Note 4 of § 2X1.1 says that where the participants "have completed (or have been about to complete but for apprehension or interruption) all of the acts necessary for the successful completion of part, but not all of the intended offense," the offense level should be the greater of "the offense level for the intended offense minus 3 levels ... or the offense level for the part of the offense for which the necessary acts were completed (or about to be completed but for apprehension or interruption)." Because Mr. Derryberry succeeded in defrauding the bank of $167,140 but did not complete the conduct necessary to defraud the bank of the remaining $35,610, and because the offense level for fraud resulting in a $167,140 loss is greater than the offense level minus three for fraud resulting in a $202,750 loss, the district court used the offense level corresponding to a $167,140 loss. We think the court was correct in doing so.
 
 
 9
 Mr. Derryberry did not complete all of the acts necessary to obtain the full $202,750. To have obtained the full principal amount of the authorized credit lines, he would have had to take the further step of fraudulently drawing down the remaining amount that was available. The closest analogy provided in the guidelines is that of a stolen credit card. See Application Note 4 to U.S.S.G. § 2B1.1. This note says that where a stolen credit card is used, the "loss" is measured not by the card's credit limit but by the amount actually charged on the card. A credit card represents a line of credit, of course, and we can see no reason why the logic of Application Note 4 is not applicable here.
 
 III
 
 10
 Mr. Derryberry contends that the district court erred in adding the points required by § 3B1.3 of the sentencing guidelines when the "defendant has abused a position of public or private trust...." The guidelines say that the two points are not to be added in this situation if "an abuse of trust ... is included in the base offense level or specific offense characteristic," and Mr. Derryberry argues that "an abuse of trust" element is contained in the base offense levels of § 2B1.1 and § 2F1.1. We disagree.
 
 
 11
 18 U.S.C. § 657 applies to any person who is an "officer, agent or employee" of a savings and loan association and is not limited to officers of the institution. Not all employees of a savings and loan necessarily hold a position of trust. Application Note 1 in the Commentary to U.S.S.G. § 3B1.3 says the adjustment would not apply to ordinary bank tellers who embezzle. This makes it clear that the increase is not applicable to all bank employees who embezzle. Presumably, the increase would apply to bank employees who occupy positions of greater trust than ordinary tellers. Mr. Derryberry, a vice president, perpetrated his fraud through the use of a special position of trust and authority not enjoyed by ordinary bank tellers.
 
 
 12
 U.S.S.G. § 3B1.3 requires the two point increase for abuse of a position of trust unless the offense in question necessarily includes abuse of trust. United States v. McElroy, 910 F.2d 1016, 1027-1028 (2d Cir.1990). Abuse of trust is not a necessary concomitant of the offense specified in 18 U.S.C. § 657, and the base offense level for § 2B1.1 does not necessarily involve abuse of trust. Since Derryberry abused his position of trust as an officer of Leader Federal, it is appropriate to increase the offense level by two points under § 3B1.3.
 
 
 13
 Similarly, 18 U.S.C. § 1344 is in no way restricted to those who commit bank fraud by abusing a position of trust. Section 1344 applies to any person who knowingly defrauds a financial institution. The two point increase is proper, under U.S.S.G. § 3B1.3, for the three counts charging violations of 18 U.S.C. § 1344.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation